attorneys for the respective parties that the evidence adduced on the trial of the first action should stand in all respects for the second, so that the foregoing conclusions apply equally to both actions. The appellant, however, raises the additional point in the second action that the justice did not render his decision within eight days after the submission of the case; that jurisdiction was thereby lost; and that the judgment rendered was therefore void. This contention is not borne out by the return on appeal. It is therein certified by the trial justice that the case was submitted to him on the 2d day of November, 1898, and, as his decision was admittedly rendered on the 10th day of that month, it appears that the statutory period had not been exceeded. The return of the justice in that regard is controlling. The judgments must be affirmed.

Judgments affirmed, with costs to the respondent. All concur.

(26 Misc. Rep. 752.)

R. M. GILMOUR MFG. CO. v. CORNELL et al.

(Supreme Court, Appellate Term.   March 24, 1899.)

1. CONSTRUCTION OF CONTRACT.
   A written order for mechanical work provided that it should cover "all steam pipes and connections of every kind" then in place on certain premises. *Held*, that it did not include a cold-water pipe not connected with a steam pipe excepting by a valve, permitting steam to be used to keep it from freezing or thaw it out.

2. SAME—OPINION OF EXPERT.
   Where it is plainly apparent from the terms of a written order for mechanical work what it is intended to include, the opinion of a mechanical expert as to whether certain work was intended thereby is inadmissible.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by the R. M. Gilmour Manufacturing Company against Charles G. Cornell, Jr., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Richards & Heald, for appellants.
Jacob H. Denenholz, for respondent.

MacLEAN, J. Having undertaken to furnish certain supplies and do certain work—just what, it does not appear—on the premises of Post & McCord at Greenpoint, N. Y., the defendants wrote the plaintiff company: "You may enter this as our order No. 1,737, and proceed with the work at once, provided that it covers all steam pipes and connections of every kind now in place in their main building, boiler and engine rooms. * * * Price to be, for the work complete, two hundred and forty dollars." The plaintiff company did some work and used some materials on the premises, and received the stipulated $240. Then it appeared that the defendants were under obligations to cover a cold-water pipe running independ-

ently of any other pipe in the store to the blacksmith shop to fill barrels and tubs for blacksmith purposes, and without any connection with the steam pipes excepting a valve, so that the steam could be used to keep the pipe from freezing or thaw it out. This work was done by the plaintiff company at the request of the defendants, upon whose refusal to pay therefor came this action, wherein defendants claimed that the work upon the cold-water pipe was embraced within the terms of the order as stated above. But it plainly was not, and for the practically undisputed value of the work and materials judgment was rightly rendered by the justice for the plaintiff company. It was contended on argument here that the judgment should be reversed for error in not permitting a person who testified that he was an engineer and electrician to answer the question "whether, under the terms of that contract, a water pipe that is situated within the building, and connected with steam pipes with a valve, would come in as part of this contract." Even were it admitted that the statement of the witness that he was an engineer and electrician qualified him as an expert as to things mechanical, it certainly did not render him competent to read new words into, or a new meaning in the words of, the order given by the defendants to the plaintiff. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.